**NASSAU BOULEVARD SHELL SER-VICE STATION, INC. and Bruce Mason, Plaintiffs–Appellants,**

v.

**SHELL OIL COMPANY, Defendant–Appellee.**

No. 984, Docket 89–7125.

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1989.

Decided Feb. 10, 1989.

Lenard Leeds, Carle Place, N.Y., for plaintiffs-appellants.

James L. Michalak, Houston, Tex., for defendant-appellee.

Before FEINBERG, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

This emergency motion arose out of a dispute between Appellee Shell Oil Company ("Shell") and its franchisee, Nassau Boulevard Shell Service Station, Inc., operated by Bruce Mason (collectively "Mason"). Although the underlying dispute had existed for months and this litigation itself had been brought in early October, Mason did not move for preliminary relief until the last possible moment, when termination of its franchise agreement with Shell was imminent. After the district court denied relief, Mason made an emergency motion before us for a stay pending appeal and a preliminary injunction preventing Shell from terminating the franchise agreement. We granted the stay from the bench and expedited the appeal. Nevertheless, as we stated orally when granting the motion, in the future preliminary relief should ordinarily not be granted in franchise disputes where the franchisee, having knowledge for weeks or months of the franchisor's intention to terminate, waits until the very eve of termination to seek such relief.

The merits being irrelevant, we confine ourselves to a brief statement of the procedural history of this matter. On October 6, 1988, Mason filed an action in the Eastern District, alleging that Shell was threatening to terminate the franchise agreement illegally. On October 14, 1988, Shell issued Mason a formal Notice of Termination of Mason's lease and franchise, effective January 24, 1989. Mason's suit remained quiescent until January 17, 1989, when Mason moved for the first time for a preliminary injunction. Judge Mishler granted the motion pending a hearing. On February 3, 1989, the hearing was held and Judge Glasser denied both motions. Mason then applied for a stay of Judge Glasser's order pending appeal. Judge Glasser denied the application, observing, *inter alia*, that "[F]rom October 14 to January 17 you did nothing.... [Y]ou have had all the time in the world...." Shell thereupon ceased supplying Mason with gasoline. On February 8, Mason made the present emergency motion for a stay, alleging that "[p]laintiffs have already been forced to close down a substantial portion of their business and desperatly [sic] need the preliminary injunction to avoid significant and irreparable business losses." On February 10, we granted the stay and expedited the appeal.

Although we have granted Mason's motion, we believe that in the future such eleventh-hour motions for preliminary relief should ordinarily be denied in this court and in district courts. Our standard for the granting of preliminary injunctions is familiar. We require " 'a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.' " *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir.1988) (quoting *Jackson Dairy Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam)).

Mason argues that the irreparable injury or balance of hardship requirements are satisfied by the "irreparable business losses" it is suffering as a result of Shell's refusal to supply them with gasoline while the legality of the termination remains unresolved. Whether or not those "business losses" justify equitable relief, their existence does not call for preliminary relief pending the adjudication of legal issues when those losses are the result of the movant's delay in seeking relief. In the present case, for example, Mason received its Notice of Termination on October 14, but applied for preliminary injunctive relief only on January 17. Mason could have moved for relief months before it did and given the district court and us an opportunity to resolve the outstanding legal issues well before the termination date. Instead, it waited until avoidance of those business losses pending resolution of the legal issues would necessarily require effective extension of the termination date. This is a delaying tactic that is inequitable to the franchisor and to the courts as well. More importantly, it is the very source of the irreparable harm or imbalance of hardships claimed by the movant. Nevertheless, we are aware that Mason's counsel merely followed a practice prevalent among lawyers who represent franchisees. Believing it to be inequitable to subject Mason to a new rule concerning the exercise of our equitable power, we granted the motion.

In the future, however, franchisees seeking preliminary relief in disputes with their franchisors should move for such relief within a reasonable time after notice of termination of their franchise agreements and seek an expedited adjudication of the merits. If they do not do so, they should be prepared to suffer the loss of their business while they litigate the merits.

GRANTED.