SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

WORLDCOM, INC., Defendant.

No. 02 Civ. 4963(JSR).

United States District Court,
S.D. New York.

Oct. 1, 2006.

Arthur Lowry Samuel, Peter H. Bresnan, U.S. Securities and Exchange Commission, Washington, D.C., Fred Thompson, III, Ness Motley Loadholt, et al., Mount Pleasant, SC, Robert B. Blackburn, U.S. Securities and Exchange Commisison, New York, NY, for Plaintiff.

Marcia Landweber Goldstein, Weil, Gotshal & Manges LLP, Paul C. Curnin, Simpson Thacher & Bartlett LLP, New York, NY, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By order to show cause filed September 12, 2006, the so-called Official Committee of Unsecured Creditors of WorldCom, Inc. (the "Committee")—now disbanded except, it would seem, for certain large bondholders who have already recovered more than any other group of WorldCom creditors—seeks a stay pending appeal of this Court's Memorandum Order of July 20, 2004 approving the plan proposed by the Securities and Exchange Commission (the "SEC") for distribution to shareholder victims of the WorldCom fraud of the $750 million awarded the SEC in connection with its action against WorldCom. *See SEC. v. WorldCom, Inc.*, 2004 U.S. Dist. LEXIS 13573 (S.D.N.Y.2004). Just as it is doubtful whether the Committee—a non-party to this lawsuit which, nonetheless, gave its approval to the overall amount of the distribution and only challenged aspects of the allocation between particular shareholders—has standing to appeal the S.E.C.'s distribution plan, *see id.* at *3, so too it is doubtful whether the Committee has standing to bring the instant motion seeking a stay. But assuming *arguendo* that it has such standing, and even assuming further (which is far from obvious) that the Committee can show some immediate and irreparable harm from a failure to grant the stay, the motion must still be denied, for a great many reasons. To list only the most obvious:

*First,* the Committee, which filed its appeal with the Second Circuit on August 17, 2004 and never moved for an expedited appeal, has waited more than two years to seek this stay. In the meantime, Richard Breeden, the Distribution Agent in charge of distributing the funds in issue, has,

along with a substantial staff, expended countless hours and substantial sums in analyzing what is owed the nearly quarter-million shareholders who have submitted claims for compensation from the funds in issue. *See* Amended Statement of Richard C. Breeden dated September 22, 2006 ("Breeden Statement"). For the Committee to come forward only now to seek a stay, when the Distribution Agent's initial analysis is substantially completed and a first distribution of about $150 million is imminent, *see id.* at 7, is not only dilatory in the extreme but also patently prejudicial to the WorldCom shareholder victims who have waited so many years to receive even modest recompense. The motion therefore fails to comport with the most elementary principles of equity. *See, e.g., Nassau Boulevard Shell Service Station, Inc. v. Shell Oil Co.,* 869 F.2d 23 (2d Cir.1989) (motion for stay may be denied if the movant is patently dilatory in seeking the stay); *see also, e.g., Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc.,* 416 F.3d 136, 144 (2d Cir.2005) (failure to seek expedited review from the Court of Appeals may be basis for denying stay).

*Second,* the Committee has failed to show that it is likely to prevail on the merits. Quite aside from its problems of standing, the Committee has failed, *inter alia,* to advance any substantial reason why the considerable deference accorded the SEC in determining how best to distribute recovered funds to the victims of securities fraud should not be accepted here. *See, e.g., SEC. v. Wang,* 944 F.2d 80, 85 (2d Cir.1991). Thus, for example, the Committee—whose dominant members obtained in the parallel WorldCom bankruptcy an extraordinary recovery of between 80% and 93.5% of the par value of their bonds (many of which they purchased at a small fraction of par) when all other WorldCom bondholders received approxi-

mately 36%, *see* Breeden Statement at 2, n. 3—appear to have no better basis for their appeal challenging the anti-profiteering provisions of the SEC's distribution plan than a thinly-disguised belief that the SEC should prefer profiteers to victims.

*Third,* as noted above, the shareholder victims of WorldCom, who lost their entire investment over four years ago when the company collapsed in the wake of the largest fraud in history, can only be prejudiced by every day in which even modest recompense is delayed. Furthermore, as the SEC notes, any further delay in making at least an initial distribution to the victims would be "deleterious to the SEC's mission" of prompt enforcement. *See* SEC's Opposition Memorandum at 8.

In short, even if the Court assumes, for the sake of argument, the doubtful propositions that the Committee has standing to bring this motion and has shown that it will suffer irreparable harm if the motion is not granted, the Committee's motion still fails to meet any of the other applicable requirements for a stay pending appeal. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (setting forth requirements). Consequently, the motion must be, and hereby is, denied.

SO ORDERED.